IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rev. Thomas L. Davis,                    )<br>                                                     )<br>            Petitioner,             )<br>                                                     )<br>v.                                                  )<br>                                                     )<br>Warden of Kirkland Reception and  )<br>Evaluation Center,                        )<br>                                                     )<br>            Respondent.          )<br>_____) | Civil Action No. 1:23-2470-BHH<br><br>**<u>ORDER</u>** |

  This matter is before the Court on Petitioner Rev. Thomas L. Davis's ("Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

  On October 6, 2023, Magistrate Judge Shiva V. Hodges filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Petitioner's request to voluntarily dismiss his § 2254 petition.  Attached to the Report was a notice advising Petitioner of his right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

  The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's recommendation. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 30), and the Court grants Petitioner's request to voluntarily dismiss the instant § 2254 petition, thereby rendering moot his currently pending motion and dismissing this action.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 24, 2023
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," and "[t]he certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." 28 U.S.C. § 2253(c)(2) and (3). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.